# EXHIBIT 1

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type:  ☐ ck  ☐ cg  ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma | 201 767 8153 | ber |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | BER-L- 007525-20 |

| Office Address | Document Type |
|---|---|
| 940 Blanch Avenue<br>Norwood, NJ 07648 | Complaint |
| | Jury Demand  ☐ Yes  ■ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard M. Zelma, Pro se, Plaintiff | Zelma vs. JONATHAN SEIBERT; VISION SOLAR LLC.; VISION SOLAR NJ, LLC.; a/k/a, d/b/a ENERGY-XCHANGE; MARK GETTS; Solar Xchange Inc.<br>a/k/a Solar Marketing Solutions, Inc. |

| Case Type Number<br>(See reverse side for listing)<br><br>699 | Are sexual abuse claims alleged?<br>☐ Yes   ■ No | Is this a professional malpractice case?  ☐ Yes  ■ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
|---|---|---|

| Related Cases Pending?<br>☐ Yes   ■ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☐ Yes        ■ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>■ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>☐ Yes        ■ No | If "Yes," is that relationship:<br>☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)<br>☐ Familial            ☐ Business |
|---|---|

Does the statute governing this case provide for payment of fees by the losing party?  ☐ Yes  ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations?<br>☐ Yes   ■ No | If yes, please identify the requested accommodation: |
|---|---|---|
| | Will an interpreter be needed?<br>☐ Yes   ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *[signature]*

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

Batch 600
CT#131475762
12-1-20
$250

| PLAINTIFF | |
|---|---|
| Richard M. Zelma, *pro se* | SUPERIOR COURT OF NEW JERSEY |
| vs | BERGEN COUNTY |
| JONATHAN SEIBERT, individually, as owner and managing member of VISION SOLAR LLC; and | LAW DIVISION |
| | DOCKET NO.: BER-L-007525-20 |
| VISION SOLAR LLC., a/k/a, d/b/a VISION SOLAR FL, LLC.; a/k/a, d/b/a VISION SOLAR NJ, LLC.; a/k/a, d/b/a ENERGY-XCHANGE and | |
| MARK GETTS. Individually as owner and President of Solar Xchange Inc. and | CIVIL ACTION |
| SOLAR XCHANGE INC., a/k/a Solar Marketing Solutions, Inc., and | COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES; TREBLED DAMAGES; STATE LAW DAMAGES AND; PERMANENT INJUNCTIVE RELIEF |
| TELEMARKETER[s] CALLING FROM [908] 275-3308; (800) 746-7748; [818] 702-1899; [609] 893-5078; and (201) random local spoofed non-working numbers, | |

| and Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group.<br><br>Defendants' | |
|---|---|

# I. INTRODUCTION

Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendants' says as follows:

1.        This suit is brought pursuant to applicable authorities: 47 U.S.C. §§227(b)(1)(A)(iii);(b)(3)&(c)(5) (TCPA) and N.J.S.A. §56:8-130 *et seq.* which prohibit the initiation of unsolicited marketing (robo) calls made by telephone; whether live, prerecorded, made through an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS), (hereinafter; "dialer's" or "manually dialed"); that were initiated to a telephone connected to a cellular network or a land-line, where the 'called' numbers were listed and registered with the federal and (NJ) state no-call-list to avoid receiving unwanted telemarketing solicitations of any kind.

2.        As set forth herein, the Defendants repeated calls, made to Plaintiff's home, violated the peace and solitude of his home by harassing his household and violating federal and state no-call laws.

## II. PARTIES

3.     Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

4.     Upon information and belief, Defendant Jonathan Seibert is an individual residing at 2 Appomattox Drive, Clementon NJ 08021. Seibert is Chief Executive Officer and President of Vision Solar and may be served at that location.

5.     Upon information and belief, Defendant Jonathan Seibert is owner, manager, principal and/or director of Defendant Vision Solar, making the day to day decisions for his company.

6.     Upon information and belief, Defendant Vision Solar, (hereinafter "Vision" or "Defendant") is a domestic for-profit corporation organized under the laws of the State of New Jersey, located at 511 Route 168 Turnersville, N.J. 08012.

7.     Vision has its principal corporate office located at 205 Arch Street Philadelphia PA 19106.

8.     Defendant Vision may be served upon their its registered agent: API Processing - Licensing. Inc. 3419 Galt Ocean Dr. St A, Fort Lauderdale, FL 33308.[1]

9.     Upon information and belief, Defendant Energy Xchange,LLC, is an alter-ego of "Vision", hereinafter "Energy" or "Defendant") and may be served at 281 Hickory St., Township of Washington, N.J., 07676-5031.

---

[1] Counsel, Colin D. Dougherty, Esq., (Fox Rothschild LLP), agreed to accept service on behalf of all defendants.

10.    Upon information and belief, Defendant Mark Getts ("Getts") is President Of Operations at Solar Xchange.

11.    Defendant Solar Exchange is, upon information and belief, a marketing arm, alter-ego and independent contractor working in concert with Vision Solar.

12.    Getts may be served personally at 111 Woodcrest Rd, Cherry Hill, New Jersey 08003.*Id.*

13.    Defendant Does' and ABC corporations' identities are currently unknown to Plaintiff and such parties will be identified as that information becomes available.

## III.  JURISDICTION AND VENUE

14.    The facts giving rise to this complaint had their primary effect in the County of Bergen, State of New Jersey.

15.    This Court has specific jurisdiction under N.J.S.A. §§56:8-19; 119 & 130; N.J.A.C. §13:45 D *et seq*. where Defendants and each of them engaged in substantial, continuous and systematic activities by repeatedly initiating prohibited prerecorded or autodialed calls (robo-calls) into New Jersey, within this County, to Plaintiff, a resident whose New Jersey phone numbers are registered with the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

16.    This Court has general jurisdiction under authority of the TCPA, 47 U.S.C. §§227(c); 47C.F.R.§64.1200(c)(2)(i); 16 C.F.R. §310.4(b)(3)].47

C.F.R. §64.1601(e) as promulgated under 47 U.S.C. §227(C); 47 U.S.C. §227(b)(3)(C); in that the Defendants and each of them, repeatedly, knowingly or willfully violated those proscriptions and repeatedly called and solicited Plaintiff.

17.     The Defendants alleged at the time of their calls to have registered with New Jersey as a business; where they were domiciled in New Jersey as a business; where they were licensed in New Jersey as a business to offer their products or services and therefore at the time of their calls, they were believed to be situated in and residents of the Forum State.

18.     As further set out below, the defendant's and each of them made a conscious decision to purposely direct their prohibited activities into the Forum State, towards Plaintiff, deliberately, willfully or knowingly calling his telephones, having no concern his numbers were registered on the federal and State no-call-list, annoying his household in the course of unlawfully soliciting their services for their own financial gain.

## IV.   **ACTS OF AGENTS**

19.     Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set forth below as unlawful, it is meant the Defendant[s] performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], performed or participated in those acts on behalf

of, for the benefit of, and/or under the authority or direction of the Defendant[s] and each of them, under Agency.

## V.   FACTUAL BACKGROUND

20.   Plaintiff's phone numbers, [201] 767 8153 & 8154 were listed with the Federal Trade Commission's national do-not-call list, at the commencement of that list, October 1, 2003 and remain on that list to this day. **[16 C.F.R. §310 *et seq*]**

21.   Plaintiff's phone numbers, [201] 767 8153 & 8154 were simultaneously placed on the NO-CALL list administered by the State of New Jersey at the commencement of that list, May 17, 2004 and remain on that list to this day. **[N.J.S.A. §56:8-119]**

22.   Plaintiff never had a business relationship with  any of the defendants.

23.   Plaintiff never inquired about the defendants products or services.

24.   Plaintiff never had any contact of any kind with any of the Defendants until receiving, responding to and answering their unwanted prohibited calls.

25.   Plaintiff never heard of the defendants.

26.   Plaintiff does not need or want the defendants' products or services.

27.   Plaintiff never invited or provided either or any of the Defendants express written consent to solicit him by telephone.

28.   Plaintiff never provided either or any of the Defendants his residential phone numbers.

29.     Plaintiff received and answered each of the unlawful calls at issue, identified as being from, by or on behalf of the named defendants.

30.     When each calling agent asked Plaintiff to confirm the spelling of his last name, a pseudonym was used instead.

31.     Plaintiff made a no-call request to each agent he was able to speak with in the subject calls.

32.     Those agents at the off-shore call-centers responded by saying they did not have the ability to register Plaintiffs no-call request and subsequently, the unwanted calls continued.

## VI.     THE SOLICITATION SCHEME

33.     Upon information and belief, Defendant Vision Solar, markets itself as a discount energy provider.

34.     The defendants and each of them are in joint venture or agents to the other.

35.     In this venture, the defendants make use of Predictive Dialers, programed to dial either random or sequential numbers in a specific area code.

36.     Evidenced by the fact, the defendants dialed a non-listed, formally used fax line of Plaintiff, demonstrates their actions are similar to War Dialing, using a computer to dial random numbers, seeking a working phone line.

37.     Therefore, the defendants motive was to solicit anyone who answers their calls, even if it were a child.

38.     During each of their telemarketing calls, their foreign agent[s]

would read from a carefully orchestrated script, falsely identifying themselves as US Savings Organization, referring to the home owners monthly utility bill, implying (they) offer discounted electric rates that would save the homeowner a significant monthly amount.

39.    As the agent continues, the spiel slowly turns to investing in solar energy panels.

40.    Eventually, that caller passes the call to another foreign agent who confirms the false information previously given by his colleague.

41.    Once the called party's home meets the callers criteria for solar power, that agent then reveals he's soliciting homeowners to sell solar energy packages and proceeds to transfer the call to the named defendants.

## VII.    FACTUAL ALLEGATIONS
## THE QUALIFICATION PROCESS

42.    The named defendant's and each of them, either contract with, own, operate or control the off-shore call-centers initiating the subject calls. (The DOE defendants)

43.    The purpose to use those call-centers is to qualify the intended recipient (homeowner) for the products being offered before the call is passed to the named defendants.

44.    Based upon the callers accents, they are believed to be located in Indonesia, India or Philippines.

45.    The Doe defendants initiate the calls to home owners, to; **1)**, spark interest in lowering electric bills, **2)**, qualify the called parties home as to

exposure to sunlight, (or amount of shade), **3)**, establish the called parties interest in the product being offered, and **4),** to insulate the named defendants from liability by refusing to identify themselves at the initiation of each call as required by law, and instead, use a false name such as US Savings Organization.

46.   The hot-transfered call[s] to the named defendants in New Jersey are generally greeted on any given day with various employee names and job titles such as "Justin", alleged to be the call-center manager.

47.   Justin re-confirms and verifies the details provided by the off-shore call-center.

48.   Justin then transfers the call to Supervisor 'Gianna', who again confirms the called parties home location and exposure.

49.   During this portion of each such call, Plaintiff asked Gianna for the company name.

50.   Depending on the time-of-day, she would claim either Energy-Xchange, Vision Solar or The Solar Xchange Inc., adding they are all one and the same. Solar Xchange was later identified as Defendant Solar Marketing Solutions.

51.   When Gianna was asked; who is US Savings Organization, the name originally thrown out by the foreign callers, her response was always, "Oh, thats just the name of our call center."

## VIII.  **THE SUBJECT CALLS**

52.    The Call Detail Reports **(CDR)** provided by Plaintiffs carrier are attached hereto and made a part hereof as **[EXHIBIT-1 A & B]**.

53.    Plaintiff's complaint pleads multiple unwanted calls made to both his phone numbers. As demonstrated in Plaintiffs CDR, this exemplar serves to evidence Fourteen (14) calls received and captured from the defendants within a short time frame. [2]

54.    Following the call of July 23, 2020, Plaintiff was again solicited by "Steve" from the defendants organization, July 24, 2020 but missed that call.

55.    On July 25, 2020, Plaintiff returned that call to the unidentified number displayed on his caller ID which when answered, was responded to by "Steve".

56.    Steve admitted calling plaintiff on July 24, 2020 in the afternoon, thus confirming **call number 15**.

57.    On August 4, 2020 at 10:32 AM, Plaintiff responded to **call number 16**, from "Anderson" wanting to set up an appointment to discuss solar energy.

58.    Plaintiff later spoke with Aaron Goldsmith, allegedly another call-center manager, where, confirming his records show the defendants called Plaintiff on July 24 and August 4, 2020, where, even after being told not to call, were following up to see if they can set up another appointment to discuss solar energy.

---

[2]    Plaintiff requested a Call Detail Report (CDR) [EXHIBIT-1] from his carrier on July 23, 2020, prior to receiving the defendants two additional calls.

59.    Plaintiff responded to most, if not all the **Sixteen (16)** calls and conversed with the agent[s] in an effort to identify the entity behind each such call.

60.    In each call where Plaintiff spoke with a live agent, he was always greeted with the pseudonym originally used, provided to the first caller, thereby identifying the repeat callers as the same defendants.

61.    It should be noted, every agent in New Jersey, at some point in the telemarketing spiel, would claim they are/were authorized by and "work along side the utility company" to aid in helping the homeowner switch to solar energy.

62.    Only after feigning interest, having his home qualify for solar energy, would the caller[s] disclose the named defendants as Energy-Xchange or Vision Solar.

63.    Employees at Energy Xchange claimed that (Defendant) Vision Solar is the company's installation arm, claiming that Vision Solar actually does the solar installation.

64.    Upon information and belief, that claim from the Energy Xchange employees as well as supervisors and managers, is factually incorrect and misleading.

65.    Moreover, there is no truth in the defendants statement: "we work along side your utility".

66.    A representative for Plaintiffs utility, Orange & Rockland Electric (O&R) stated; (O&R) does not support the defendants claims nor works "along side them."

67.    In truth and in fact, Vision Solar is actually a lead generator, selling solar power leads to electrical contractors who perform the actual work, under their alter-ego, Solar Marketing Solutions, d/b/a Solar Exchange.

68.    Defendants Seibert and Getts are the ultimate benefactors in this consortium and are thereby, ultimately liable for the violations.

69.    Seibert and Getts are believed to have acted in relevant concert, materially contributed, orchestrated, approved and implemented the call process and script used by their telemarketers and call-centers.

70.    Plaintiff was informed and thereby avers where Defendants Seibert, Getts, Vision Solar and the various alter-egos of the co-defendants, are owners, operators, principals and/ or directors of telemarketing call-centers located off-shore as well as in this State, to generate and sell leads to solar installation companies.

71.    Acting alone or in concert with others, it is believed Seibert formulated, directed, controlled, had the authority to control or participated in the acts and practices of his companies, including the acts and practices set forth in this Complaint.

72.    Upon information and belief, Defendant Mark Getts is owner, manager, principal and/or director of Defendant Solar Xchange Inc., making the day to day decisions for his company.

73.    Based upon all the foregoing information offered by the call-center employees, Plaintiff believes and thereby avers that Defendants' Seibert and Getts, directly or at their direction or control, willfully or knowingly engaged in the prohibited acts set-forth in this complaint.

74.    The defendants willfully or knowingly programmed false caller ID names into their dialer for each call initiated to Plaintiff.

75.    The Defendants willfully or knowingly permitted outside entities, employees, affiliates, call-centers and independent contractors to solicit Plaintiff even though they do not and did not subscribe to the FTC no-call registry as required by law while said entities were under their employment, direction or control.

76.    The defendants did not register their intent to telemarket into the State of New Jersey.

77.    The defendants knew their acts or practices would lead to continued unwanted calls which were prohibited by law; where they had the authority to control those prohibited acts or practices, but chose not to do so.

78.    As complained of herein, the Defendant's gross negligence and reckless disregard for the law, knowingly implementing their unlawful acts, violated the TCPA as well as the New Jersey no-call-law.

## IX.  THIS COURT'S POWER TO GRANT RELIEF

79.    47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects both

Plaintiff.

80.   Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

81.   Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing, against the Defendants and each of them.

## X.  COUNT ONE
## PROTECTION OF SUBSCRIBER PRIVACY RIGHTS
## VIOLATIONS OF 47 U.S.C. §227(c)

82.   Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs one through eighty-one as if set forth in full at length.

83.   On the dates and times set forth herein, Plaintiff received and answered a total of **16 calls** initiated from the Defendants to his residential telephone [land-line] number[s] [201 767 8153] and 8154.

84.   The defendants initiated those calls and solicited Plaintiff Sixteen (16) times between July 20, 2020 and August 4, 2020, evidenced by Plaintiffs call detail report from his carrier.

85.   The Defendants knowingly or willfully, unlawfully solicited Plaintiffs telephone numbers, being registered on the FTC's no call list since inception.

86.   Upon information and belief, the Defendants did not register and

/or purchase a do-not-call list from the FTC.

87.   Upon information and belief, the Defendants did not subscribe to the FTC no-call-list and scrub Plaintiff's phone number as required by law.[47 **C.F.R.**§64.1200(c)(2)(i); 16 **C.F.R.** §310.4(b)(3)].

88.   Upon information and belief, the Defendants agents are not trained to take a do-not-call request. ***Id.***

89.   Upon information and belief, the Defendants agents refused to record Plaintiff's company specific do-not-call request.

90.   Upon information and belief, the calling agents were instructed by the named defendants not to disclose their true identity.

91.   The defendants' repeated calls gives rise to a cause of action against each of them under authority of 47 U.S.C. §227(c)(5) as well as the Regulations promulgated thereunder.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows: Award Plaintiff strict liability statutory damages of $500.00 for each of the Sixteen (16) calls material to Count One for a total of Eight Thousand Dollars ($8,000.00).

## XI.   COUNT TWO
## ENGAGING IN PROHIBITED ACTIVITY
## VIOLATION OF 47 C.F.R. §64.1601(e)
## AS PROMULGATED UNDER 47 U.S.C. §227(C)

92.   Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety-one as if set forth in full at length.

93.   The defendants   **Sixteen (16)** robo-calls were often initiated

without transmitting a valid name which therefore constitutes [a violation] of 47 C.F.R. §64.1601(e) as promulgated under 47 U.S.C. § 227(c).[2]

94.     The defendants knowingly and purposely spoofed their number, sending inaccurate or false Caller ID information, or at times, no information, for the sole purpose to hide their identity or mislead the called party as to who was calling, while wrongfully obtaining the value of deception, forcing the called party to answer their calls.

95.     The Defendants purposeful use of inaccurate Caller ID or in the alternative, no caller ID, caused concrete harm by violating the law, peace and solitude of plaintiff's privacy.

96.     The defendant's purposeful use of inaccurate Caller ID or failing to provide any caller ID was a deliberate attempt to wrongfully obtain something of value for their own financial gain.

97.     The defendants initiated their calls, devoid of factual and actual identification, intentionally cloaking their true identity, thus deceiving the called party to answer their unwanted calls.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows: Award Plaintiff strict liability statutory damages of $500.00 for each of the **Sixteen (16)** calls material to Count Two for a total of Eight Thousand Dollars ($8,000.00).

## XII.     <u>COUNT THREE</u>

---

[2] 47 C.F.R. § 64.1601(e) requires every telemarketing call to transmit either the telemarketer or seller's name, and to transmit a phone number which a consumer could call back to request placement on the do-not-call list.

## AWARD FOR STATUTORY TREBLED DAMAGES
## FOR WILLFUL OR KNOWING VIOLATIONS OF
## THE TCPA, 47 U.S.C. §227(b)(3)(C)

98.   Plaintiff hereby incorporates all of the allegations of paragraphs one through ninety-seven as if set forth in full at length.

99.   Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). *Id.*

100.   The Defendants knowingly or willfully violated the TCPA as well as the N.J. no-call-law when they resorted to 'robo' call and solicit Plaintiff as set forth above, purposely spoofing caller ID and initiated their prerecorded calls to Plaintiff without prior express written consent to do so.

101.   As set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense and misrepresentation in connection with Caller ID and their telemarketing solicitations. *Id.*

102.   As set forth above, the defendants knowingly solicited into New Jersey while not being registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs. *Id.*

103.   On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him using false pretense, knowing they would be calling numbers on the federal and state no-call-list but chose to call anyway, which they did.

104.   The defendants foregoing wrongful acts were knowingly made with false claims of being a licensed and authorized solar installation company.

105.   The defendants foregoing wrongful acts were willfully deceitful with a false claim of being authorized to work along side Plaintiffs utility company.

106.   The defendants foregoing acts or practices as set forth above, were known, directed, accepted and approved prior to implementation by the Defendants and each of them in their capacity as owner[s], director[s], attorneys, marketers or managing member[s] and through Agency for each of the other defendants.

107.   The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement, in that it defines willful conduct as *"the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

108.   The defendants knew their intentions to solicit plaintiff by telephone would violate the TCPA as well as New Jersey's no-call law, but they knowingly chose to initiate their unlawful calls anyway.

109.   The Defendants and each of them knowingly or willfully violated the TCPA; **47 U.S.C.§227** which provides strict liability by statute, for Plaintiff to receive  trebled damages, for each count and every violation within each such call identified within this complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

Award Plaintiff trebled the strict liability statutory TCPA damages of Counts One and Two as authorized under this section for a total of Forty Eight Thousand Dollars. **$48,000.00.**

## XIII. <u>COUNT FOUR</u>
### <u>ENGAGING IN PROHIBITED ACTIVITY</u>
### <u>PURSUANT TO N.J.S.A. §56:8-119/ N.J.A.C. §13:45 D</u> *et seq*

110.     Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one-hundred nine above as if set forth in full at length.

111. Plaintiff received and answered **Sixteen (16)** telemarketing calls from the Defendants with their intent to encourage the purchase or rental of, or investment in their products or services.

112.   The Defendants did not register their intent to solicit into New Jersey with the Department of Law and Public Safety as required by State law.

113.   The Defendants did not purchase a no-call-list from the New Jersey Division of Consumer Affairs for New Jersey residents who do not want to receive telemarketing calls. <u>N.J.A.C.</u> §13:45D-3.1/ <u>N.J.S.A.</u> §56:8-121(3)(a).

114.   The Defendants did not scrub Plaintiff's number from their calling list as adopted under the federal standard which requires "scrubbing" the "do-not-call" list no more than 31 days prior to the date that any call is made and mirrored under **N.J.S.A. §56:8-127.**

115.   The Defendants agents did not record Plaintiff's company specific do-not-call request.

116. The Defendants did not train their agents in the use of a no-call-list.

117.    The Defendants Acts are subject to the Violations prescribed under <u>N.J.S.A.</u> §56:8-132.

118.    The Defendants acts violated the proscriptions defined under <u>N.J.A.C.</u> §13:45D-4.1 *et seq.*

119.    The defendants calls to Plaintiff as defined herein, give rise to a separate cause of action, pursuant to <u>N.J.A.C.</u> §13:45D-4.6, and the remedial provisions afforded Plaintiff under <u>N.J.S.A.</u> §§56:8-13 & 56:8-14.3, in addition to the separate cause of action under the federal TCPA.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

Allow Plaintiff to leverage damages against a surety bond deposited by the defendants. Pursuant to N.J.S.A. §56:8-126; The bond shall be filed or deposited with the director for the use of any person who is damaged or suffers any loss for any violation of this act. Any person claiming against the bond may maintain an action at law against the surety or director, as the case may be.

Plaintiff sustained statutory damages pursuant to federal and New Jersey State law. Plaintiff is entitled to seek applicable damages for violations to the New Jersey CFA which embodies the States No Call Law. Plaintiff seeks an award This Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that This Court:

(a)   Award Plaintiff strict liability statutory damages of $500.00 for each of the **16 calls** made in violation of the regulations prescribed under **47 U.S.C.** §227(c) material to Count One for a total of $8,000.00.

(b)   Award Plaintiff strict liability statutory damages of $500.00 for each of the **16 calls** made in violation of the regulations prescribed under 47 C.F.R. § 64.1601(e) material to Count Two for a total of $8,000.00.

(c)   Award Plaintiff **trebled damages** for the series of prohibited calls willfully or knowingly made, defined under (Count Three) **47 U.S.C.** §227(c)(5) and the Communications Act of 1934, administered by the FCC for the **16 call** violations addressed in Counts One and the **16 separate call** violations addressed in Count Two for a total of $48,000.00.

(d)   Award Plaintiff an appropriate award for damages sustained as defined within the New Jersey Consumer Fraud Act **N.J.S.A.** §§56:8-19 & 56:8-132 for the **16 calls** material to Count Four; or alternatively, award Plaintiff damages against the 'bond' required under **N.J.S.A.** §56:8-126 for an amount deemed appropriate by The Court.

(e)   Award Plaintiff fees and costs associated with the prosecution of this litigation, pursuant to **N.J.S.A.** §56:8-19

(f)   Award Plaintiff attorney fees *if applicable*, pursuant to **N.J.S.A.** §56:8-19

(g)   Award Plaintiff Permanent Injunctive Relief pursuant to **47 U.S.C.** §227(b)(3)(A)

(h)     Award Plaintiff any Other Equitable Relief This Court deems justified to stop the defendants telemarketing defined and described herein.

(i)     Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

(j)     Plaintiff reserves the right to amend the within pleading, should additional information be discovered that relates to the within matter.

Respectfully submitted,


By: _____

RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: November 27, 2020


## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated.  No other parties should be joined in this action.


By: _____

RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: November 27, 2020

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A.* *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: November 27, 2020

**Optimum Voice Call History Details for (201) 767-8153**
**Phone Number (609) 8⬛-5078 04/01/2020 - 07/24/2020 (all rows)**
Total Number of Minutes: 24:58
Total Number of Calls: 6

| # | Date & Time | Type | Number | Location | Mins. |
|---|---|---|---|---|---|
| 1 | 07/23/2020 02:58 PM | Inbound | (609) 8⬛-5078 | Pemberton, NJ | 20:00 |
| 2 | 07/22/2020 02:52 PM | Missed | (609) 8⬛-5078 | Pemberton, NJ | 0:00 |
| 3 | 07/22/2020 01:27 PM | Inbound | (609) 8⬛-5078 | Pemberton, NJ | 0:56 |
| 4 | 07/20/2020 06:03 PM | Inbound | (609) 8⬛-5078 | Pemberton, NJ | 3:39 |
| 5 | 07/20/2020 05:17 PM | Missed | (609) 8⬛-5078 | Pemberton, NJ | 0:12 |
| 6 | 07/20/2020 10:34 AM | Missed | (609) 8⬛-5078 | Pemberton, NJ | 0:11 |

**PLAINTIFF'S EXHIBIT**
I - A
tabbies

**Optimum Voice Call History Details for (201) 767-8154**
**Phone Number (609) 8██-5078 04/01/2020 - 07/24/2020 (all rows)**
Total Number of Minutes: 1:24
Total Number of Calls: 8

| # | Date & Time | Type | Number | Location | Mins. |
|---|---|---|---|---|---|
| 1 | 07/23/2020 01:47 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:10 |
| 2 | 07/22/2020 04:04 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:10 |
| 3 | 07/22/2020 01:48 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:10 |
| 4 | 07/21/2020 05:52 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:12 |
| 5 | 07/21/2020 12:38 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:11 |
| 6 | 07/21/2020 12:02 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:14 |
| 7 | 07/20/2020 02:51 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:06 |
| 8 | 07/20/2020 12:19 PM | Inbound | (609) 8██-5078 | Pemberton, NJ | 0:11 |



PLAINTIFF'S
EXHIBIT
1 - B

# Civil Case Information Statement
## (CIS)

### Use for initial Law Division
### Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type:  ☐ ck  ☐ cg  ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma | 201 767 8153 | ber |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | BER-L- |

| Office Address | Document Type |
|---|---|
| 940 Blanch Avenue Norwood, NJ 07648 | Complaint |
| | Jury Demand   ☐ Yes   ☑ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard M. Zelma, Pro se, Plaintiff | Zelma vs. JONATHAN SEIBERT; VISION SOLAR LLC.; VISION SOLAR NJ, LLC.; a/k/a, d/b/a ENERGY-XCHANGE; MARK GETTS; Solar Xchange Inc. a/k/a Solar Marketing Solutions, Inc. |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?   ☐ Yes   ☑ No |
|---|---|---|
| 699 | ☐ Yes   ☐ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? ☐ Yes   ☑ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?  ☐ Yes   ☑ No | Name of defendant's primary insurance company (if known)   ☐ None   ☑ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?  ☐ Yes   ☑ No | If "Yes," is that relationship?  ☐ Employer/Employee  ☐ Familial  ☐ Friend/Neighbor  ☐ Business  ☐ Other (explain) |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party?   ☐ Yes   ☑ No |
|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations?  ☐ Yes   ☑ No | If yes, please identify the requested accommodation: |
|---|---|---|
| | Will an interpreter be needed?  ☐ Yes   ☑ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: