**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

RICHARD ZELMA, *pro se*,

                    Plaintiff,

   v.

JONATHAN SEIBERT, VISION SOLAR, LLC, d/b/a/ VISION SOLAR NJ, LLC, d/b/a/ VISION SOLAR FL, LLC, d/b/a/ ENERGY–XCHANGE, MARK GETTS, SOLAR XCHANGE, Inc., and TELEMARKETER[S] CALLING FROM (908) 275-3308; (800) 746-7748; (818) 702-1899; and (609) 893-5078,

                    Defendants.

Case No.: 2:20-cv-20595-KM-ESK

**DEFENDANTS ENERGY XCHANGE, MARK GETTS AND SOLAR XCHANGE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

**LINDEN LAW FIRM, LLC**
Ari D. Linden, Esquire (003072005)
2 Kings Highway West
Suite 204
Haddonfield, NJ 08033
(856) 427-6100
ari@linden-law.com

*Attorneys for Defendants Energy Xchange, Mark Getts and Solar Xchange*

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTS ALLEGED IN COMPLAINT ............................................................................... 1

III. STANDARD OF REVIEW .................................................................................................. 4

IV. ARGUMENT ......................................................................................................................... 5

    A.    Count I Should Be Dismissed Because Zelma Manufactured the Very TCPA Claim He Now Sues For And He Has Not Established a Do-Not-Call Claim Under 47 U.S.C. § 227(c). .................................................................................... 5

        1.    Plaintiff's Allegations Demonstrate That He "Expressly Consented" to Receive Calls Purportedly From Defendants .......................................... 6

        2.    Plaintiff Manufactured His Claim By Inducing Defendants to Call Repeatedly In Order to Increase His Claimed Damages. ........................... 8

    B.    Getts Should Be Dismissed From this Lawsuit Because Zelma Has Failed to Demonstrate a Plausible Claim that Seibert Personally Authorized the Conduct that Allegedly Violated the TCPA. ...................................................... 10

V. CONCLUSION ................................................................................................................... 11

Defendants ENERGY XCHANGE, SOLAR XCHANGE ("Xchange Defendants") and Mark Getts ("Getts"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss the First Amended Complaint filed by Plaintiff Richard Zelma ("Zelma" or "Plaintiff").

## I.  INTRODUCTION

Zelma's First Amended Complaint, ("FAC"), *see* ECF No. 17, repeats and re-alleges the same tangential and irrelevant information from his original Complaint, and adds nothing new to support his lone count for a purported Do-Not-Call list violation of the Telephone Consumer Protection Act ("TCPA").  This Court should dismiss Zelma's FAC as to Xchange Defendants and Seibert for, *inter alia*, three reasons:  ***First***, while Zelma's claims of "feigning interest" in the solar products allegedly being offered are less overt, his FAC still demonstrates a course of conduct specifically calculated for Zelma to receive more and more calls.  Because Zelma's conduct manifested a willingness to received additional calls, he cannot recover under the TCPA for those actions, and cannot plausibly demonstrate a TCPA violation against any Defendant.  ***Second***, Zelma again identifies Getts as a named defendant in this lawsuit.  Yet, Zelma provides no additional facts beyond that which he pled in his original Complaint, ECF No. 1, Doc 1-1, that show "direct participation" in the alleged calls being placed to Plaintiff necessary to establish personal liability.

Zelma's FAC is his most recent attempt to manufacture a TCPA claim wherein he induced the very calls he now bases his TCPA lawsuit upon.  This Court should not approve such an abuse of the TCPA, and should dismiss the FAC.

## II.  FACTS ALLEGED IN COMPLAINT

In his Complaint, Zelma alleges that he is a resident of New Jersey, and has two telephone numbers: (201) 767-8153 and (201) 767-8154.  *See* FAC, ECF No. 17, at ¶¶ 3, 20.  Zelma alleges

1

that he placed both phone numbers on the national and New Jersey do-not-call lists in or before 2004. *Id.* at ¶¶ 20, 21. Zelma alleges that he received a total of sixteen (16) calls initiated from Defendants to these two residential phone lines. *See id.* at ¶136. These purported offending calls were placed between July 20, 2020 and August 4, 2020. *See id.* at Exs. 1(a), 1(b); *see also id.* at ¶88. Plaintiff alleges that during each of the purported telemarketing calls, the call began with a foreign agent from the "US Savings Organization" reading a telemarketing script. *See id.* at ¶ 49. The alleged purpose of the calls from the purported foreign call-center was to identify American consumers who qualified for solar products. *See id.* at ¶ 54. Knowing this, Zelma "feigned interest" in the alleged offers and promotions made during these calls. *Id.* at ¶ 40.

Though Zelma "feigned interest in the caller's product [and] services" he alleges that he did so to "gain the identity of the unknown callers." *See id.* at ¶¶ 40, 41. Zelma alleges that in order for a call to be transferred from the US Savings Organization to the named Defendants, the called party's home must meet the "'full sun exposure' criteria for solar power." *See id.* at ¶ 52. Zelma alleges that he not only feigned interest in the products being offered, but also agreed that "his home qualif[ied] for solar energy [by providing] the location [that] had full sun exposure."[1] *See id.* at ¶ 93. Based upon the answers Zelma provided during these calls, the calls were allegedly transferred to the named Defendants. *See id.* at ¶ 57. Zelma alleges that he responded to "most if not all the sixteen (16) calls and conversed with agents in an effort to identify the entity behind each such call." *See id.* at ¶ 90.

Zelma provides Call Detail Records ("CDR") for fourteen (14) of the purported offending calls. *Id.* at ¶ 70; *see also* Exs. 1(a), 1(b). The CDRs demonstrate that six (6) of the calls were

---

[1] Plaintiff previously admitted that he provided false answers during these calls, going so far as to "change the location of his home to a nearby area which had full sun exposure." *See* ECF No. 12, at p. 17.

2

placed to Plaintiff's phone number ending in -8153, and eight (8) of the calls to -8154. *See id.* at Exs. 1(a), 1(b). All of the alleged calls to Plaintiff were placed from the same number, (609) 8\*\*-5078. *Id.* Zelma alleges that the eight (8) calls he received on his -8154 line "could not be understood over choppy or poor quality transmission." *See id.* at ¶ 82. Additionally, two (2) of the calls Zelma received on his -8153 number on July 20, 2020 "were answered but the voice quality was choppy and often inaudible." *See id.* at ¶¶ 73. As such, of the fourteen (14) calls identified on Plaintiff's CDRs, ten (10) of those calls were choppy, of poor quality, or inaudible. Plaintiff apparently recorded one of the four comprehensible calls placed by (609) 8\*\*-5078. *See id.* at ¶ 62.

Plaintiff allegedly received two calls not listed on his CDRs. On July 25, 2020, Plaintiff allegedly called back an unidentified number that appeared on his caller ID the previous day. *See id.* at ¶¶ 85, 86. A man purportedly named "Steve" answered the July 25, 2020 call from Plaintiff and purportedly acknowledged he had placed the call the day before. *Id.* at ¶ 86. Plaintiff claims to have "responded to call number 16," the final call placed in alleged violation of the TCPA, on August 4, 2020. *Id.* at ¶ 88. Plaintiff alleges that during the August 4, 2020 call, he spoke with a call-center manager, Aaron Goldsmith, who allegedly confirmed that his records indicated, "[T]he defendants called Plaintiff" on July 24, 2020 and August 4, 2020. *Id.* at ¶ 89. Zelma does not state which Defendant, Solar Xchange, Energy Xchange, or Vision Solar, purportedly placed the July 24, 2020 or August 4, 2020 calls.

Plaintiff further alleges that he represented to Goldsmith that Plaintiff had previously told a representative "not to call" before the calls on July 24, 2020, and August 4, 2020. *Id.* Plaintiff does not allege he received any call from any Defendant after August 4, 2020. Plaintiff does not state the date upon which he communicated to the calling party that he no longer wished to receive

3

calls from (609) 8**-5078. Plaintiff does not state when he stopped "feigning interest" in solar products. Plaintiff does not allege that any individual with whom he spoke ever stated they were calling from or on behalf of the Xchange Defendants.

Plaintiff alleges that Defendant Getts is the owner and director of Solar Xchange, and makes day-to-day decisions on behalf of Solar Xchange. *Id.* at ¶¶ 10, 72. Upon "information and belief," Plaintiff alleges that Energy Xchange and Solar Xchange are alter-egos of Vision Solar and alleges that Getts had a "moral duty" to supervise the Defendants employees. *See id.* at, ¶ 96. Zelma sues Getts individually under the "Responsible Corporate Officer Doctrine." *See id.* at ¶ 100.

## III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept as true all of the factual allegations contained in a complaint, but that requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 684. To survive a Rule 12(b)(6) motion, a complaint must contain "factual allegations" that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

District Courts in this Circuit follow a two-part test when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6): "First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

4

Plaintiff's Complaint must be dismissed because it fails to sufficiently plead causes of action under the TCPA with the particularity required by Fed. R. Civ. P. 8(a)(2). While this Court must, under Rule 12(b)(6), accept well-pled allegations as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Twombly*, the Supreme Court held that Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds on which the claim rests.'" *Id.* at 555 n.3 (internal citations omitted).

A complaint which pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between [the insufficient] possibility and [the necessary] plausibility of 'entitlement to relief.'" *Id*. at 557. To satisfy the particularity of Rule 8(a)(2), a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 555.

## IV. ARGUMENT

### A. Count I Should Be Dismissed Because Zelma Manufactured the Very TCPA Claim He Now Sues For And He Has Not Established a Do-Not-Call Claim Under 47 U.S.C. § 227(c).

Count I of Zelma's Complaint, brought pursuant to 47 U.S.C. § 227(c), must be dismissed because Zelma has not pled facts that demonstrate he received more than one "solicitation call" under the TCPA. The TCPA generally prohibits a person or entity from initiating a telephone solicitation to a residential telephone subscriber who has registered his telephone number on the national do-not-call registry. *See Zelma v. Penn LLC*, No. CV 19-8725, 2020 WL 278763, at *7 (D.N.J. Jan. 17, 2020) (Vazquez, J.) (granting in part defendant's motion to dismiss TCPA claims brought by Richard Zelma); *Zelma v. Kuperman*, No. 2:15-CV-0308-SDW-SCM, 2015 WL 4773191, at *3 (D.N.J. Aug. 13, 2015) (Wigenton, J.) (granting motion to dismiss with prejudice

5

the TCPA claims brought by Richard Zelma); *see*, *also*, 47 C.F.R. § 64.1200(c).  "Telephone solicitation" refers to "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14). Telephone solicitations, however, do not include a call or message "to any person with that person's prior express invitation or permission." 47 C.F.R. § 64.1200(f)(14)(i); 47 U.S.C. § 227(a)(4).

To establish a "Do Not Call Registry" claim under § 227(c)(5), Plaintiff must plead facts that plausibly demonstrate: (1) he received *more than one* solicitation call within twelve months, (2) from the same entity, (3) on a phone number registered on the do-not-call registry. *Katz v. Liberty Power Corp.*, LLC, No. 18-CV-10506-ADB, 2019 WL 4645524, at *12 (D. Mass. Sept. 24, 2019); *see*, *also*, 47 U.S.C. § 227(c)(5).  Plaintiff has failed to state a plausible Do-Not-Call claim because Plaintiff cannot demonstrate he received *more than one* solicitation call from Defendants that he did not expressly invite.

Plaintiff alleges that he responded to "most if not all the sixteen (16) calls" and conversed with agents.  *See* ECF No. 17, at ¶ 90.   During these calls, Plaintiff "feign[ed] interest" in the home solar products allegedly being offered.  *See id.,* at ¶ 93.  Also, during these calls, Plaintiff gave responses to ensure that the representative with whom he was speaking believed that "his home qualified for solar energy."  *See id.*  Without question then, Plaintiff engaged in a course of conduct specifically designed to receive additional calls.

      **1.**    *Plaintiff's Allegations Demonstrate That He "Expressly Consented" to Receive Calls Purportedly From Defendants.*

Calls placed with the "express consent" of a "called party" are not actionable under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A). Even accepting as true that Plaintiff's phone numbers were on the national and New Jersey do-not-call lists, Plaintiff consented to receive the calls for his

6

express purpose of using those calls for his own investigation "to gain the identity of the unknown caller." *See* FAC, ECF No. 17, at ¶ 40. Express consent is easily demonstrated under the TCPA. *See, e.g., Ryabyshchuck v. Citibank (S. Dakota) N.A.*, No. 11-CV-1236-IEG-WVG, 2012 WL 5379143, at *3 (S.D. Cal. Oct. 30, 2012) (providing cellular phone number to defendant was evidence of prior express consent under the TCPA). As the Third Circuit has recognized in the context of interpreting the TCPA, consent is nothing more than "a willingness in fact for conduct to occur." *Gager v. Dell Fin. Servs*., LLC, 727 F.3d 265, 270-71 (3d Cir. 2013), *quoting* Restatement (Second) of Torts § 892. Plaintiff's actions demonstrate more than a willingness to receive the subject calls—but an inducement for call after call, all of which Plaintiff answered. *See* ECF No. 17, at ¶ 90. In some instances, Plaintiff admits he spent twenty (20) minutes on these calls outwardly expressing his interest in the offered solar products. *See id.*, at Ex. 1(a). When Plaintiff finally "told [Defendants] not to call" on or after August 4, 2020, the calls stopped completely. *See id.*, at ¶ 89.

Even accepting that the first call Plaintiff allegedly received soliciting solar products would qualify as an uninvited solicitation call, under the TCPA Plaintiff must allege *more than one* such call in a 12-month period. *See* 47 U.S.C. § 227(c). All subsequent calls were made to Plaintiff based upon his express consent and invitation. Indeed, the moment Plaintiff withdrew consent on August 4, 2020, the calls stopped thereafter. Because Plaintiff encouraged the very calls he now claims violated the TCPA, he cannot use those calls against Defendants in an attempt to manufacture a TCPA lawsuit. Plaintiff's allegations fail to establish a Do-Not-Call Registry claim under the TCPA.

### 2. *Plaintiff Manufactured His Claim By Inducing Defendants to Call Repeatedly In Order to Increase His Claimed Damages.*

It is a general maxim of tort law that "no wrong is done to one who consents." *Beyond Systems, Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 718-19 (4th Cir. Feb. 4, 2015); *see*, *also*, Restatement (Second) of Torts 892A cmt. a (1979). Accordingly, "[o]ne who effectively consents to conduct of another intended to invade his interests cannot recover in an action of tort for the conduct or for harm resulting from it." *See id.* § 892A. "This principle has been known as '*volenti non fit injuria*,' or 'to a willing person it is not a wrong.'" *Beyond Systems, Inc.*, 777 F.3d 712, 718 (internal citations omitted). This principle acts as a shield against actions by plaintiffs who "gratuitously created circumstances that would support a legal claim and acted with the chief aim of collecting a damage award." *Id*. at n. 2 (citing to *Gordon v. Virtumundo*, 575 F.3d 1040, 1068 (9th Cir. 2009) (Gould, J., concurring)).

In a concurring opinion to *Gordon v. Virtumundo*, 575 F.3d 1040, 1068 (9th Cir. 2009), Judge Gould articulated the intolerance courts should apply to manufactured claims:

> [F]or a person seeking to operate a litigation factory, the purported harm is illusory and more in the nature of manufactured circumstances in an attempt to enable a claim. In my view, manufactured claims should not be tolerated absent a clear endorsement from Congress. Such claims would not likely have been recognized at common law....

*Id.* Generally, tort-related statutes "are not exempt from common law principles," such as the principle of *volenti non fit injura*. *Beyond Systems, Inc.,* 777 F.3d 712, 717-18; *Shager v. Upjohn Co.*, 913 F.2d 398, 404 (7th Cir. 1990); *see*, *also*, *Busching v. Sup*. Ct., 12 Cal.3d 44, 52 (1974) ("[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.").

8

As evidenced by the allegations in his Complaint, and the countless TCPA claims brought before this Court[2], Zelma has attempted to manufacture TCPA violations against Defendants where none exist.[3] Had Plaintiff simply told Defendants during the first alleged "illegal" call on July 20, 2020 to "not call again," as he did on August 4, 2020, there would have been no alleged TCPA violation. Because Plaintiff gratuitously created circumstances that would support a TCPA claim by inducing call after call with the chief aim of collecting a damage award, he is not entitled to relief and his claim should be dismissed.

---

[2] Plaintiff Richard Zelma has brought at least eighteen (18) lawsuits alleging violations of the Telephone Consumer Protection Act in this District. In fact, as recently as January 14, 2021, Zelma filed yet another TCPA lawsuit in this District. *See Zelma v. Health Markets LLC et al.* 2:21-cv-00771-KM-ESK. Further, as of the date of this filing, Zelma is the listed plaintiff in four active TCPA lawsuits in this District. *See also Zelma v. Audina Hearing Instruments, Inc. et al* 2:18-cv-14655-KM-ESK (filed Oct. 4, 2018); *Richard M. Zelma V. Choice Energy, LLC et al.* 2:19-cv-17535-CCC-MF (filed Aug. 30, 2019).

[3] Zelma was quoted by the New York Times as saying of telemarketers, "think of it as you're fishing out there, and you caught them on the end of the line. Pull them in nice and gently. Let them talk." *See* Debra Galant, *JERSEY; Go Ahead, ChemLawn, Make My Day,* N.Y. Times, April 11, 1999, *available at:* https://www.nytimes.com/1999/04/11/nyregion/jersey-go-ahead-chemlawn-make-my-day.html. (last accessed January 20, 2021).

### B. Mark Getts Should Be Dismissed From this Lawsuit Because Zelma Has Failed to Demonstrate a Plausible Claim that he Personally Authorized the Conduct that Allegedly Violated the TCPA.

The TCPA is silent as to potential personal liability of corporate officers. *See City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 162 (3d Cir. 2018). However, even if personal-participation liability is in fact available under the TCPA, a corporate officer cannot be held liable unless "he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *See id., quoting Texas v. Am. Blastfax, Inc.,* 164 F.Supp.2d 892, 898 (W.D. Tex. 2001). Recently, in *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc*., the Seventh Circuit affirmed summary judgment where:

> The only claim [Plaintiff] offer[ed] in support of [the CEO's] liability was that he "knew" or "was aware" that Med-Care's procedures included sending the faxes. Mere knowledge is insufficient. Even assuming personal-participation liability is the standard, direct participation or authorization would be required, and that is absent here.

961 F.3d 942, 947 (7th Cir. 2020). Plaintiff has not alleged any direct participation by Getts that would subject him to personal liability.

To survive a Rule 12(b)(6) motion, a complaint must contain "factual allegations" that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Yet, in support of his claim against Getts, Zelma offers only that Getts is the purported owner and "guiding spirit" of Xchange Defendants, that he had a "moral duty" to supervise his employees, and that he Getts "knew or should have known" that Solar Xchange was using allegedly misleading calling scripts. *See id.,* at ¶¶ 94, 96-98. First, mere knowledge is insufficient. *See Arwa Chiropractic supra,* 961 F.3d at 947. Second, Getts could not have "directly participated" in the calls. As such, this Court should dismiss Getts from this lawsuit.

10

## V. CONCLUSION

For all the foregoing reasons, the Xchange Defendants and Getts request this Honorable Court grant their Motion to dismiss Plaintiff's First Amended Complaint, with prejudice, against them.

Dated: March 12, 2021           Respectfully submitted:

**LINDEN LAW FIRM, LLC**

By: /s/ Ari D. Linden, Esq.

*Attorneys for Defendants Energy Xchange, Mark Getts and Solar Xchange*

## CERTIFICATE OF SERVICE

I, Ari D. Linden, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

Richard Zelma, *pro se*
940 Blanch Avenue
Norwood, NJ 076488
*tcpalaw@optonline.net*

By: /s/ Ari D. Linden
Ari D. Linden

Dated: March 12, 2021